*Bago*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
MAR 23 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 22-84 |
| v. | ) | **[UNDER SEAL]** |
| | ) | |
| ZACHARY DINELL | ) | (18 U.S.C. §§ 2, 249(a)(2)(A), 371, and |
| TYLER SMITH | ) | 1035(a)(1)) |
| | ) | |

## INDICTMENT

## COUNT ONE

The grand jury charges:

### General Allegations

At all relevant times:

1.     McGuire Memorial was a residential medical facility located in New Brighton, Beaver County, Pennsylvania.

2.     McGuire Memorial provided, among other services, in-patient care to individuals, including minors, with severe physical, intellectual, and emotional disabilities.   McGuire Memorial treated approximately fifty residents at any given time, all of whom were Medicaid beneficiaries.

3.     Medicaid was a system of medical assistance for, among others, indigent individuals who were disabled.  Medicaid was funded by both the federal and state governments. Pennsylvania Medicaid, also known as Medical Assistance, was governed by Pennsylvania's Department of Human Services.

4.	In and around May 2015, defendant TYLER SMITH was hired as a member of the Direct Care Staff at McGuire Memorial. Defendant TYLER SMITH was employed in that capacity until he was terminated in and around September 2017.

5.	In and around June 2016, defendant ZACHARY DINELL was hired as a member of the Direct Care Staff at McGuire Memorial. Defendant ZACHARY DINELL was employed in that capacity until he was terminated in and around June 2018.

6.	Due to the severe physical and mental disabilities of the residents, Direct Care Staff, including defendants ZACHARY DINELL and TYLER SMITH, assisted residents with all aspects of daily life, including bathing, dressing, feeding, oral hygiene, toileting, positioning, and reporting signs and symptoms of illness and injury.

7.	McGuire Memorial and its employees were subject to federal regulations promulgated by the Social Security Administration and enforced by Pennsylvania state regulators. Among other things, these regulations imposed requirements related to the treatment of residents. Specifically, these regulations prohibited, among other things, physical, psychological, sexual, and verbal abuse of residents, and mandated immediate reporting of such abuse.

8.	As members of the Direct Care Staff, defendants ZACHARY DINELL and TYLER SMITH were subject to a duty to report incidents of abuse or neglect through McGuire Memorial's neglect and abuse reporting system—a system the facility was required to implement pursuant to federal law. As part of their training at McGuire Memorial, defendants ZACHARY DINELL and TYLER SMITH were instructed that all abuse and neglect of residents was prohibited and that they were required to report any such incidents. McGuire Memorial training materials for Direct Care Staff further stated: "Because of the work that you do ~ ALL of you are MANDATED reporters within the Commonwealth of Pennsylvania and are required to report abuse & neglect."

2

9.     Resident 1, Resident 2, Resident 3, Resident 4, Resident 5, Resident 6, Resident 7, Resident 8, Resident 9, Resident 10, Resident 11, Resident 12, and Resident 13 were in-patient residents of McGuire Memorial, all of whom were nonverbal and suffered from severe physical disabilities, mental disabilities, or both. In addition, Resident 1, Resident 2, Resident 4, Resident 5, Resident 7, Resident 8, and Resident 11 required the use of a wheelchair.

### The Conspiracy and Its Object

10.     From in and around June 2016, through in and around September 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did knowingly and willfully combine, conspire, confederate, and agree with each other, to commit an offense against the United States, that is: to willfully cause bodily injury to persons because of said persons' actual and perceived disability, in violation of Title 18, United States Code, Section 249(a)(2)(A).

### Manner and Means

11.     It was a manner and means of the conspiracy that defendants ZACHARY DINELL and TYLER SMITH exploited their one-on-one access to residents of McGuire Memorial to engage in violent, demeaning, and humiliating acts against the residents because of the residents' physical and mental disabilities.

12.     It was a further manner and means of the conspiracy that defendants ZACHARY DINELL and TYLER SMITH carried out violent and harmful acts against residents of McGuire Memorial through a variety of means, including by punching residents in the face and head with clenched fists; kicking residents in the face; jumping on residents; rubbing liquids, including caustic substances, in residents' eyes; spraying and throwing liquids in the mouth of residents; and choking residents, among other abusive acts.

3

13.     It was a further manner and means of the conspiracy that defendants ZACHARY DINELL and TYLER SMITH sought to inflict bodily injury, including injury involving extreme pain and the protracted impairment of bodily function, on McGuire Memorial residents, but in a manner that any resulting visible injuries plausibly could be attributed to the residents' disabilities and as a result would draw less scrutiny from McGuire Memorial staff.

14.     It was a further manner and means of the conspiracy that defendants ZACHARY DINELL and TYLER SMITH exploited the fact that the McGuire Memorial residents against whom they carried out such acts or who they otherwise humiliated and degraded were nonverbal (i.e., did not speak) and therefore could not report the abuse inflicted upon them.

15.     It was a further manner and means of the conspiracy that defendants ZACHARY DINELL and TYLER SMITH exploited the fact that the McGuire Memorial residents suffered from physical disabilities that prevented the residents from defending themselves and from providing self-care following the assaults.

16.     It was a further manner and means of the conspiracy that defendant ZACHARY DINELL recorded violent and other abusive acts that he and defendant TYLER SMITH inflicted on McGuire Memorial residents using defendant ZACHARY DINELL's cellular phone.

17.     It was a further manner and means of the conspiracy that defendant ZACHARY DINELL used his cellular phone to transmit to defendant TYLER SMITH recordings of violent and other abusive acts that the defendants inflicted on McGuire Memorial residents.

18.     It was a further manner and means of the conspiracy that defendants ZACHARY DINELL and TYLER SMITH used their cellular phones to exchange text messages, in which they described violent and other abusive acts they perpetrated against McGuire Memorial residents, shared degrading images of residents, advocated in favor of additional violence against McGuire

Memorial residents, encouraged each other's attacks, and expressed their joint desire that McGuire Memorial residents would die, among other things.

19.     It was a further manner and means of the conspiracy that defendants ZACHARY DINELL and TYLER SMITH failed to report their violent attacks on residents of McGuire Memorial, as required by law and McGuire Memorial policy, and affirmatively lied to their supervisors about the physical condition of residents, as a means to conceal their conduct and ensure that it could continue undetected.

## Overt Acts

20.     In furtherance of the conspiracy, and to accomplish its object and purpose, defendants ZACHARY DINELL and TYLER SMITH committed and caused to be committed, in the Western District of Pennsylvania, at least one of the following overt acts, among others:

a.     On or about September 24, 2016, defendant ZACHARY DINELL texted defendant TYLER SMITH, ". . . it's like we care about [the residents] less or look at them as less than people . . . ."

b.     On or about September 28, 2016, defendant TYLER SMITH texted defendant ZACHARY DINELL, "[Resident 1] won't be satisfied until he gets thrown off the highest point of a steel cage onto concrete to put him outta his misery." Defendant ZACHARY DINELL later responded, "I was thinking about throwing [Resident 1] in the dumpster out back and burying him so they'd take him with the garbage but then I remembered his sheep instincts would kick in and someone would hear him."

c.     On or about October 25, 2016, defendant TYLER SMITH texted defendant ZACHARY DINELL, "Dude we really f[---]ed our clients up today."

d.  On or about November 5, 2016, defendant TYLER SMITH texted defendant ZACHARY DINELL, "I'll smash his face in," referring to Resident 2. Defendant ZACHARY DINELL responded, "So will I man I hate his fat face."

e.  On or about December 6, 2016, defendant ZACHARY DINELL texted defendant TYLER SMITH, "Hahaha make sure to give him a goodnight choke slam from hell from me," referring to Resident 1.

f.  On or about December 19, 2016, defendant ZACHARY DINELL texted defendant TYLER SMITH, "I'm about to f[---] [Resident 3] up so bad. I already f[---]ed him up but I'm about to suffocate him." After defendant TYLER SMITH responded, "Hahahaha kill his n[-----] ass," defendant ZACHARY DINELL texted, "He's hacking s[---] on me, kicking himself around on the shower bed s[------]g everywhere." Defendant ZACHARY DINELL continued, "I hate carrying his praying mantis n[-----] ass, I end up slamming his ass a bunch of times." In response, defendant TYLER SMITH wrote, "Hahahaha keep it up."

g.  On or about December 23, 2016, defendant ZACHARY DINELL texted defendant TYLER SMITH about his work schedule, noting that "[a]s of now I have [Resident 1] tomorrow he'll be Getting his ass slammed."

h.  On or about December 26, 2016, defendant ZACHARY DINELL texted defendant TYLER SMITH, "I'm gonna kill one of these nasty mother f[---]s." In response, defendant TYLER SMITH texted, "Do it to [Resident 4] . . . ."

i.  On or about January 10, 2017, defendant ZACHARY DINELL texted defendant TYLER SMITH and stated in reference to Resident 4, "He didn't ask to be born that way. But here we are sanitizing his eyes and beating him." Later on the same day, defendant

6

TYLER SMITH texted defendant ZACHARY DINELL, "I just cleaned everyone's eyes in my hallway."

j.     On or about January 11, 2017, defendant ZACHARY DINELL sprayed Resident 5 with cold water while Resident 5 was lying naked on a shower table. Defendant ZACHARY DINELL recorded the incident on his cellular phone.

k.     On or about January 13, 2017, defendant ZACHARY DINELL texted defendant TYLER SMITH three up-close photos of Resident 1's face without comment. Three minutes later, defendant TYLER SMITH responded by texting to defendant ZACHARY DINELL a photo of Resident 6. In the photo, Resident 6's head was visible on a pillow, his eyes appeared closed, and a reddish spot was visible on the sheet a few inches from his face. Five minutes later, defendant ZACHARY DINELL replied, "Is that [Resident 6's] blood[?]" In response, defendant TYLER SMITH texted, "It is." Defendant ZACHARY DINELL replied "Nice" and then texted the video he had recorded on January 11, 2017, in which he sprayed Resident 5 with water while Resident 5 was lying naked on the shower table. In response to the video, defendant TYLER SMITH texted, "Niceeeeee hopefully that was cold water." Defendant ZACHARY DINELL then confirmed, again via text: "It was ice cold." At all relevant times, defendants ZACHARY DINELL and TYLER SMITH were aware that Resident 5 suffered from a hyper-sensitivity to cold.

l.     On or about January 16, 2017, defendant ZACHARY DINELL rubbed a clear liquid irritant in Resident 7's eyes and pulled Resident 7's eyelids apart, while recording the incident on his cellular phone.

m.     On or about February 10, 2017, defendant ZACHARY DINELL kicked Resident 8 in the head, while recording the incident on his cellular phone.

n.      On or about March 5, 2017, defendant TYLER SMITH jumped on top of Resident 9, a 13-year-old minor, while Resident 9 was lying prone on his bed, and while defendant ZACHARY DINELL filmed the incident on his cellular phone. Immediately after recording the video, defendant ZACHARY DINELL texted it to defendant TYLER SMITH. Defendant ZACHARY DINELL subsequently texted the same video to defendant TYLER SMITH on or about August 21, 2017.

o.      On or about March 7, 2017, defendant ZACHARY DINELL rubbed a clear liquid irritant in Resident 4's eyes, while recording the incident on his cellular phone.

p.      On or about March 7, 2017, defendant ZACHARY DINELL texted defendant TYLER SMITH, " . . . I just sanitized the f[---] outta [Resident 4] and took a video." Defendant ZACHARY DINELL continued, "Nice wake up call for him" and "I'm going to f[---]ing murder [Resident 4]. I choked the f[---] out of him and now he's coughing and yelling . . . ." In response, defendant TYLER SMITH texted, "F[---]ing kill him dude he's better off."

q.      On or about March 10, 2017, defendant ZACHARY DINELL recorded on his cellular phone Resident 1 with a long, narrow object placed inside Resident 1's nostril.

r.      On or about March 18, 2017, defendant ZACHARY DINELL texted defendant TYLER SMITH, "I'm going to sanitize the f[---] out of [Resident 10]."

s.      On or about March 18, 2017, defendant ZACHARY DINELL recorded three separate videos on his cellular phone in which he threw a clear substance in Resident 10's face, while the resident was naked in the bathroom. After filming the videos, defendant ZACHARY DINELL texted defendant TYLER SMITH, "Got some good things to show you." Defendant TYLER SMITH responded, "I can only imagine."

t.    On or about the same day, March 18, 2017, defendant ZACHARY DINELL punched Resident 10's face and head three times with a clenched fist, while recording the incident on his cellular phone.

u.    On or about March 20, 2017, defendant ZACHARY DINELL punched Resident 11's face and head with a clenched fist, while recording the incident on his cellular phone.

v.    On or about March 28, 2017, defendant ZACHARY DINELL threw a clear liquid at Resident 4's face and into Resident 4's mouth, causing Resident 4 to choke, while recording the incident on his cellular phone.

w.    On or about the same day, March 28, 2017, defendant ZACHARY DINELL texted defendant TYLER SMITH, "[G]ot some videos to show you."

x.    On or about April 5, 2017, defendant ZACHARY DINELL struck Resident 12 on the bridge of Resident 12's nose, while recording the incident on his cellular phone.

y.    On or about April 5, 2017, defendant ZACHARY DINELL punched Resident 13's head and face two times with a clenched fist, while recording the incident on his cellular phone.

z.    On or about April 26, 2017, defendant ZACHARY DINELL punched Resident 5's mouth with a clenched fist, while recording the incident on his cellular phone.

aa.    On or about April 26, 2017, defendant ZACHARY DINELL squirted a liquid irritant in Resident 13's face, mouth, and eyes, while recording the incident on his cellular phone.

bb.    On or about May 11, 2017, defendant ZACHARY DINELL choked Resident 2, while recording the incident on his cellular phone.

cc. On or about May 16, 2017, defendant ZACHARY DINELL rubbed a clear liquid irritant in Resident 5's eyes, while recording the incident on his cellular phone.

dd. On or about June 5, 2017, defendant ZACHARY DINELL slowly removed a compression stocking from Resident 4's leg, causing Resident 4's joint to extend and causing Resident 4 to respond in apparent physical pain, while recording the incident on his cellular phone.

ee. On or about July 19, 2017, defendant ZACHARY DINELL texted defendant TYLER SMITH, "No more [Resident 8]," followed by, "He's on hospice not expected to make it through the night." Defendant TYLER SMITH responded, "Niceee is he dead" and "Gooood." During the exchange, defendant TYLER SMITH also texted, "Hopefully [Resident 4's] next."

ff. On or about September 20, 2017, defendant TYLER SMITH texted defendant ZACHARY DINELL, "[Resident 10] got it bad tonight . . . ."

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The grand jury further charges:

1.    Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.    On or about January 11, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 5, including by defendant ZACHARY DINELL spraying cold water on Resident 5, who suffered from a hyper-sensitivity to cold, because of Resident 5's actual and perceived disability; and used a channel, facility, and instrumentality of interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(ii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

# COUNT THREE

The grand jury further charges:

1.     Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.     On or about January 16, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 7, including by defendant ZACHARY DINELL rubbing a clear liquid irritant in Resident 7's eyes and pulling Resident 7's eyelids apart, because of Resident 7's actual and perceived disability; and employed a dangerous weapon and other weapon that had traveled in interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(iii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT FOUR

The grand jury further charges:

1.     Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.     On or about February 10, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 8, including by defendant ZACHARY DINELL kicking Resident 8 in the head, because of Resident 8's actual and perceived disability; and employed a dangerous weapon and other weapon that had traveled in interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(iii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

# COUNT FIVE

The grand jury further charges:

1.     Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.     On or about March 5, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 9, including by defendant TYLER SMITH jumping on top of Resident 9 while Resident 9 was lying prone on Resident 9's bed, because of Resident 9's actual and perceived disability; and used a channel, facility, and instrumentality of interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(ii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT SIX

The grand jury further charges:

1.　　Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.　　On or about March 7, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 4, including by defendant ZACHARY DINELL rubbing a clear liquid irritant in Resident 4's eyes, because of Resident 4's actual and perceived disability; used a channel, facility, and instrumentality of interstate and foreign commerce in connection with said conduct; and employed a dangerous weapon and other weapon that had traveled in interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(ii), 249(a)(2)(B)(iii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT SEVEN

The grand jury further charges:

1.    Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.    On or about March 18, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 10, including by defendant ZACHARY DINELL punching Resident 10's face and head three times with a clenched fist, because of Resident 10's actual and perceived disability; and used a channel, facility, and instrumentality of interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(ii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

# COUNT EIGHT

The grand jury further charges:

1.    Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.    On or about March 28, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 4, including by defendant ZACHARY DINELL throwing a clear liquid at Resident 4's face and into Resident 4's mouth, causing Resident 4 to choke, because of Resident 4's actual and perceived disability; and used a channel, facility, and instrumentality of interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(ii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT NINE

The grand jury further charges:

1.    Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.    On or about April 26, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 13, including by defendant ZACHARY DINELL squirting a liquid irritant in Resident 13's face, mouth, and eyes, because of Resident 13's actual and perceived disability; and employed a dangerous weapon and other weapon that had traveled in interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(iii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

# COUNT TEN

The grand jury further charges:

1. Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2. On or about May 16, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 5, including by defendant ZACHARY DINELL rubbing a clear liquid irritant in Resident 5's eyes, because of Resident 5's actual and perceived disability; and employed a dangerous weapon and other weapon that had traveled in interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(iii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT ELEVEN

The grand jury further charges:

1.    Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.    On or about June 5, 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did willfully cause bodily injury to Resident 4, including by defendant ZACHARY DINELL slowly removing a compression stocking from Resident 4's leg, because of Resident 4's actual and perceived disability; and employed a dangerous weapon and other weapon that had traveled in interstate and foreign commerce in connection with said conduct.

In violation of Title 18, United States Code, Sections 249(a)(2)(A), 249(a)(2)(B)(iii), and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWELVE

The grand jury further charges:

1.     Paragraphs 1 through 20 of Count One are hereby incorporated by reference as if re-alleged herein.

2.     From in and around June 2016, through in and around September 2017, in the Western District of Pennsylvania, defendants ZACHARY DINELL and TYLER SMITH did knowingly and willfully conceal and cover up by trick, scheme, and device material facts, in connection with the delivery of and payment for health care benefits, items, and services involving a health care benefit program, as defined in 18 U.S.C. § 24(b); that is, defendants ZACHARY DINELL and TYLER SMITH engaged in repeated acts of abuse and neglect against residents of McGuire Memorial; discussed such acts of abuse and neglect, including whether other staff were aware of such incidents; affirmatively lied to their supervisors when questioned about the condition of residents; and willfully failed to report such abuse and neglect through McGuire Memorial's abuse and neglect reporting system, or any other means, in violation of their ongoing duty to make such reports under applicable laws, policies, and regulations.

All in violation of Title 18, United States Code, Sections 1035(a)(1) and 2.

A TRUE BILL,

_____
FOREPERSON

_____
CINDY K. CHUNG
United States Attorney
PA ID No. 317227

_____
ERIC G. OLSHAN
Assistant United States Attorney
IL ID No. 6290382