IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
) Criminal No. 22-84
v. ) **[UNDER SEAL]**
)
ZACHARY DINELL )
TYLER SMITH )

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Eric G. Olshan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a twelve-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| 1 | Conspiracy to Violate the Hate Crimes Prevention Act<br><br>June 2016 to September 2017 | 18 U.S.C. § 371 | Both |
| 2-11 | Hate Crimes Prevention Act<br><br>January 11, 2017; January 16, 2017; February 10, 2017; March 5, 2017; March 7, 2017; March 18, 2017; March 28, 2017; April 26, 2017; May 16, 2017; June 5, 2017 | 18 U.S.C. §§ 249(a)(2) & 2 | Both |
| 12 | Concealment of Material Facts Related to Health Care Matter<br><br>June 2016 to September 2017 | 18 U.S.C. §§ 1035(a)(1) & 2 | Both |

## II. ELEMENTS OF THE OFFENSES

A.     As to Count 1:

In order for the crime of Conspiracy to Violate the Hate Crimes Prevention Act, in violation of 18 U.S.C. § 371, to be established, the government must prove the following elements beyond a reasonable doubt:

1.     That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2.     That the defendant was a party to or member of that agreement;

3.     That the defendant joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

4.     That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

B.     As to Counts 2-11:

In order for a violation of the Hate Crimes Prevention Act, in violation of 18 U.S.C. § 249(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant willfully caused bodily injury to the person identified in each count in the Indictment;

2. That the defendant acted because of the actual or perceived disability of the person; and

3. That at least one of the circumstances specified in 18 U.S.C. § 249(a)(2)(B) is satisfied.

18 U.S.C. § 249(a)(2)(A)-(B).

**C.     As to Count 12:**

In order for the crime of Concealment of Material Facts Related to Health Care Matter, in violation of 18 U.S.C. § 1035(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant falsified; concealed; or covered up by any trick, scheme or device a material fact in a matter involving a health care benefit program;

2. That the defendant did so knowingly and willfully; and

3. That the defendant did so in connection with the delivery of or payment for health care benefits, items or services.

Seventh Circuit Model Criminal Jury Instruction 397.

### III. PENALTIES

**A.     As to Count 1: Conspiracy to Violate the Hate Crime Prevention Act (18 U.S.C. §§ 371):**

1. A term of imprisonment of not more than five (5) years.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than three (3) years.

**B.     As to Counts 2-11: Hate Crime Prevention Act (18 U.S.C. §§ 249(a)(2) & 2)):**

1. A term of imprisonment of not more than ten (10) years.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than three (3) years.

**C. As to Count 12: Concealment of Material Facts Related to Health Care Matter (18 U.S.C. §§ 1035(a)(1) & 2):**

1. A term of imprisonment of not more than five (5) years.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than three (3) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendants are convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case as to Counts 1 through 11, together with any authorized penalty, as part of the defendants' sentences pursuant to 18 U.S.C. §§ 3663A and 3664.

## VI. **FORFEITURE**

Forfeiture is not applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney


*/s/Eric G. Olshan*
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382